**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| CATHY ANN WHITE, §<br>    *Plaintiff,* §<br> §<br> §<br> §<br>v. §<br> §<br> §<br>SAVASENIORCARE §<br>ADMINISTRATIVE AND §<br>CONSULTING, LLC, PLEASANT §<br>SPRINGS OPERATING COMPANY §<br>LLC, and whatever entity, if any, that at §<br>any time between May 28, 2018 and §<br>May 2, 2020 operated any business §<br>located at 2003 North Edwards Avenue, §<br>Mount Pleasant, Titus County, Texas §<br>75455, §<br>    *Defendants.* § | Case No.:<br>Jury |

**COMPLAINT**

Plaintiff Cathy Ann White ("White") accuses Defendants SavaSeniorCare Administrative Services, LLC ("SSC"), and Pleasant Springs Operating Company LLC ("PSOC"), jointly and severally, of violating the Americans with Disabilities Act, 42 U.S.C. §§ 12101 – 12213 ("ADA"). White also brings these claims against any entity that at any time between May 28, 2018 and May 2, 2020 operated any business at 2003 North Edwards Avenue, in Mount Pleasant, Titus County, Texas 75455. In support, White shows the following:

**This is an Employment Discrimination Case Brought Solely Pursuant to the ADA**

1.     In **Count One** – *see* ¶¶ 59-65, *infra* -- White contends that on April 1, 2020, Defendants violated the ADA by revoking an accommodation to which it had previously agreed

and by which it had kept in place for a few days shy of two years. *See* 42 U.S.C. § 12112(b)(5)(A).

In **Count Two** – *see* ¶¶ 66-72, *infra* -- White contends that on May 1, 2020, Defendants violated

the ADA by discharging her on account of White having an actual disability – namely, Type One

diabetes. *See* 42 U.S.C. § 12112(a). *See also id.* at § 12102(1)(A) (defining actual disability). In

**Count Three** – *see* ¶¶ 73-79, *infra* -- White contends that on May 1, 2020, Defendants violated

the ADA by discharging her due to Defendants perceiving or "regarding" White as having a

disability. *See* 42 U.S.C. §12112(a). *See also id.* at § 12102(1)(C)(defining perceived, regarded as

disability).

## Parties

2.      Plaintiff Cathy Ann White ("White") is an individual. She currently resides in

Mount Pleasant, Titus County, Texas, and she resided in Mount Pleasant, Titus County at all times

during her employment with Defendant(s).

3.      White was an "employee" of SSC, as that term is defined in 42 U.S.C. § 12111(4),

starting from her date of hire there, and ending on her last day of her employment there.

4.      White was an "employee" of PSOC, as that term is defined in 42 U.S.C. § 12111(4),

starting from her date of hire there, and ending on her last day of her employment there.

5.      According to the Texas Secretary of State, **SavaSeniorCare Administrative and**

**Consulting, LLC** ("SSC") is in existence, was formed in Delaware, currently has the right to

transact business in Texas, and has its principal place of business – that is, the place where its

officers direct, control and coordinate SSC's activities – at the following location: c/o SAVA

SENIOR CARE, ONE RAVINIA DRIVE SUITE 1400, Atlanta, GA 30346.

A.      This Defendant may be served with process by serving its **registered agent,**

**CT Corporation System,** located at **1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.**

B.     SSC was an "employer" of White, as that term is defined in 42 U.S.C. § 12111(5)(A), starting on the first day when it put White on its payroll, and ending on the last day when it removed White from its payroll.

C.     SSC had fifteen or more individuals on its payroll for each working day in each of twenty or more calendar weeks during Year 2019.

D.     SSC had fifteen or more individuals on its payroll for each working day in each of twenty or more calendar weeks during Year 2020.

6.     According to the Texas Secretary of State, **Pleasant Springs Operating Company LLC** ("PSOC") is in existence, was formed in Delaware, currently has the right to transact business in Texas, and has its principal place of business – that is, the place where its officers direct, control and coordinate SSC's activities – at the following location: c/o SAVA SENIOR CARE, ONE RAVINIA DRIVE SUITE 1400, Atlanta, GA 30346.

A.     This Defendant may be served with process by serving its **registered agent, CT Corporation System,** located at **1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**.

B.     PSOC was an "employer" of White, as that term is defined in 42 U.S.C. § 12111(5)(A), starting on the first day when it put White on its payroll, and ending on the last day when it removed White from its payroll.

C.     PSOC had fifteen or more individuals on its payroll for each working day in each of twenty or more calendar weeks during Year 2019.

D.     PSOC had fifteen or more individuals on its payroll for each working day in each of twenty or more calendar weeks during Year 2020.

7.     Although superficially distinct, SSC and PSOC constitute a "single integrated enterprise" in light of their interrelation of operations, centralized control of labor relations,

**Complaint**                                                                 **Page 3**

common management, and common ownership or financial control.

8.     Pleading in the alternative, SSC and PSOC constitute "joint employers" for purposes of the "hybrid economic realities/common law control test."

9.     SSC and PSOC shall hereinafter be referenced collectively as "SSC-PSOC."

## Jurisdiction

10.     This Court has original subject matter jurisdiction over this action because White's three claims all present federal questions. *See* 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1343(a)(4) ("civil rights").

11.     This Court has personal jurisdiction, both specific and general, over SSC-PSOC because they conduct business in Texas, because White's claims for relief all arose in Texas, and because SSC-PSOC are amenable to service by this Court.

## Venue

12.     Venue is proper in this judicial district and division because a substantial part of the events or omissions giving rise to White's claims occurred here. *See* 28 U.S.C. § 1391(b)(2).

## Material Facts

13.     According to its website, SSC describes itself as "*[o]ne of the largest providers of short term and long term rehabilitation and skilled nursing services in the country*."

14.     Between some or all of the time between November 27, 2017 and May 2, 2020, SSC-PSOC, or either of them, operated a skilled nursing facility at 2003 North Edwards Avenue, Mount Pleasant, Titus County, Texas 75455 ("Mount Pleasant Facility").

15.     SSC-PSOC, or either of them, hired White in November 2017.

16.     SSC-PSOC, or either of them, hired White effective November 27, 2017.

17.     SSC-PSOC, or either of them, assigned White to work at the Mount Pleasant

Facility at all times during her employment.

18.    SSC-PSOC, or either of them, required its managerial employees – this includes Administrators and Directors – to enforce their written policies.

19.    SSC-PSOC, or either of them, required its managerial employees – this includes Administrators and Directors – to comply with their written policies.

20.    SSC-PSOC, or either of them, audits the time records of employees assigned to the Mount Pleasant Facility.

21.    Periodically, SSC-PSOC, or either of them, audits the time records of employees assigned to the Mount Pleasant Facility.

22.    SSC-PSOC, or either of them, has a camera system at the Mount Pleasant Facility.

     A.    SSC-PSOC, or either of them, has a camera system that, among other things, surveils employees there.

23.    White worked as an Occupational Therapist at all times while working at the Mount Pleasant Facility.

24.    White worked in the Rehab Unit or Department at all times while working at the Mount Pleasant Facility.

     A.    The Rehab Unit or Department there held staff meetings which took place on a periodic basis.

     B.    The Rehab Unit or Department there held staff meetings which took place on a weekly basis.

25.    While working at the Mount Pleasant Facility, White was paid "wages" at any hourly rate.

26.    While working at the Mount Pleasant Facility, White to was required to punch

**Complaint**                                                                                          **Page 5**

in/clock in when she arrived there for work.

27.    While working at the Mount Pleasant Facility, White was required to report to work there at 10:00 a.m.

28.    White had no set time for ending her workday at the Mount Pleasant Facility.

    A.    When White was allowed to leave varied, depending on her caseload.

*MANAGEMENT ACCOMMODATES WHITE'S TYPE ONE DIABETES*

29.    White had Type One diabetes at all times while she was employed with SSC-PSOC, or either of them.

30.    Management was aware that White had diabetes.

    A.    A certain Ms. Crystal Cooper, who was White's immediate supervisor when White was discharged, stated under oath to the Texas Workforce Commission on July 6, 2020 that she was aware White had diabetes, though she was "not aware of the specific type."

        (i)    Cooper's year of birth is 1963.

31.    As a result of her Type One diabetes, White needs to keep her blood sugar level steady. To do that, she needs to ingest foods during the day that, among other things, require refrigeration.

32.    White met face-to-face with the Regional Director of Rehabilitation to discuss keeping her blood sugar steady by ingesting foods during the work shift that, among other things, require refrigeration.

    A.    This meeting took place during the first week of June 2018.

    B.    This meeting took place in the Therapy Director's office located at the Mount Pleasant Facility.

    C.    The Regional HR Director also attended this meeting.

**Complaint**                                                                                                                    **Page 6**

(i)      This individual's name is Mr. Marcus Gardner.

D.      The Administrator of the Mount Pleasant Facility at the time of this meeting was Mr. Chris Blue.

33.      Both the Regional Director of Rehabilitation and the Regional HR Director allowed White to ingest foods that, among other things, require refrigeration.

A.      Upon information and belief, neither the Regional Director of Rehabilitation, nor the Regional HR Director generated what SSC-PSOC, or either of them, calls an "accommodational file" on White.

B.      Neither the Regional Director of Rehabilitation, nor the Regional HR Director reviewed with White what SSC-PSOC, or either of them, calls a "reasonable accommodation form."

*MANAGEMENT REVOKES ITS ACCOMMODATION TO WHITE*

34.      On April 1, 2020, White walked to a door at the Mount Pleasant Facility, intending to enter the building and go to work.

35.      As White was entering the Mount Pleasant Facility, White was told that because of Covid, she was no longer allowed to bring her food and water into the Mount Pleasant Facility.

A.      Cooper, who at the time was the Director of Rehab at the Mount Pleasant Facility, confirmed this to White.

B.      White was told it was the Administrator of the Mount Pleasant Facility who decided to make this change.

(i)      The Administrator of the Mount Pleasant Facility on April 1, 2020 was Ms. Sarah Wilson.

(ii)      Wilson's year of birth is 1985.

36.    Without the accommodation of allowing White to ingest foods that, among other things, require refrigeration, White's blood sugar became unsteady. This led White to suffer diabetic brain fogs.

37.    Between April 1, 2020 and May 1, 2020, White encountered job performance problems, e.g., making "time punch errors."

*MANAGEMENT OFFERS <u>NO</u> PROPOSAL TO ACCOMMODATE WHITE'S DIABETES. INSTEAD, MANAGEMENT SUSPENDS, THEN DISCHARGES, WHITE.*

38.    After April 1, 2020, but before May 1, 2020, SSC-PSOC, or either of them, suspended White.

39.    After April 1, 2020, but before May 1, 2020, SSC-PSOC, or either of them, "investigated" White's job performance and/or workplace conduct at the Mount Pleasant Facility.

    A.    A certain Ms. Julie Rosen participated in this "investigation."

    B.    Rosen prepared documents, electronically stored information, or tangible things in connection with this "investigation."

40.    April 24, 2020 was the last day when management allowed White to appear for work at the Mount Pleasant Facility.

41.    The following three individuals – Cooper, Wilson, and Ms. Nancy Moore – all informed White that she was suspended.

    A.    Moore's year of birth is 1966.

42.    On April 30, 2020, management assigned to the Mount Pleasant Facility conducted a phone interview of White.

    A.    Management recorded some or all of this phone interview.

    B.    SSC recorded some or all of this phone interview.

C.    PSOC recorded some or all of this phone interview.

D.    Some or all managerial attendees took notes during this phone interview.

43.    SSC-PSOC, or either of them, discharged White.

44.    SSC-PSOC, or either of them, discharged White in May 2020.

45.    It was on May 1, 2020 when SSC-PSOC, or either of them, informed White that she was discharged.

46.    It was on May 1, 2020 when SSC-PSOC, or either of them, informed White that she was discharged, effective immediately.

47.    May 1, 2020 was White's last day on the payroll of SSC-PSOC, or either of them.

48.    On May 1, 2020, White was a full-time employee of SSC-PSOC, or either of them.

49.    On May 1, 2020, White's rate of pay was fifty dollars ($50.00) per hour.

50.    SSC-PSOC, or either of them, stated under oath to the Texas Workforce Commission on June 15, 2020 that it had decided to discharge White because it claims White had "falsif[ied] time records."

A.    SSC-PSOC, or either of them, identified no other reason to the TWC on June 15, 2020 for its discharge decision.

B.    SSC-PSOC, or either of them, identified no other reason to the TWC on July 6, 2020 for its discharge decision.

C.    The reason proffered by SSC-PSOC, or either of them, to the Texas Workforce Commission is pretextual and unworthy of credence.

D.    SSC-PSOC, or either of them, stated under oath to the Texas Workforce Commission on June 15, 2020 that it had discovered that White had "falsified[ied] time records" by, at least in part, looking at its "camera system."

**Complaint**                                                                                           **Page 9**

E.      SSC-PSOC, or either of them, stated under oath to the Texas Workforce Commission on June 15, 2020 that it had discovered that White had "falsified[ied] time records" by, at least in part, conducting an "audit" of time records.

*EVENTS POST-DISCHARGE*

51.     Following her discharge, White applied to the Texas Workforce Commission ("TWC") for unemployment benefits, to which SSC-PSOC, or either of them, responded by communicating to TWC its opposition.

A.      The TWC held a hearing on White's application for unemployment benefits on June 15, 2021.

B.      The TWC held a hearing on White's application for unemployment benefits on July 6, 2021.

52.     On September 1, 2020, White signed a form from the U.S. Equal Employment Opportunity Commission ("EEOC").

A.      EEOC identifies this form as "EEOC Form 5 (11/09)."

B.      EEOC titles this form "Charge of Discrimination" (hereinafter "Charge").

53.     EEOC received the form referenced in Paragraph 52.

54.     According to its records, it was on September 8, 2020 when EEOC received the form referenced in Paragraph 52.

55.     According to its records, EEOC assigned the following number to the form referenced in Paragraph 52: 450-2020-06608.

56.     On December 15, 2021, EEOC, by and through its Acting Field Director, Norma Guzman, issued a document titled "Dismissal and Notice of Rights" ("Notice").

A.      EEOC transmitted, or caused to be transmitted, the Notice to the

**Complaint**                                                                                          **Page 10**

undersigned counsel for White.

    B.  According to its records, EEOC transmitted, or caused to be transmitted, the Notice to the following individual – Luanne Estacio, Labor Relations Paralegal, SavaSeniorCare Administrative and Consulting LLC, 8601 DUNWOODY PL STE 700, STE 775, Sandy Springs, GA  30350.

    57.  Due to the conduct of SSC-PSOC, including the foregoing, White has suffered economic losses. White will likely continue to suffer such losses in the future.

    58.  Due to the conduct of SSC-PSOC, including the foregoing, White has suffered mental anguish. White will likely continue to suffer such losses in the future.

**COUNT ONE:**
**<u>ADA – Discrimination – Failure to Accommodate</u>**

    59.  White re-alleges and incorporates by reference all allegations set forth in paragraphs13 through 58.

    60.  This Count One is brought against both named Defendants.

    61.  Both named Defendants violated the ADA. *See* 42 U.S.C. § 12112(b)(5)(A). First, White is a qualified individual with a disability. *See* 42 U.S.C. §§12102 & 12111(8). Second, White's disability and its consequential limitations were known by SSC-PSOC, or either of them. Third, SSC-PSOC, or either of them, failed to make a single accommodation at any time from April 1, 2020 through May 1, 2020.

    62.  White has satisfied all conditions precedent to the filing of this Count One.

    63.  Due to the violation of the ADA by SSC-PSOC, or either of them, as set forth in this Count One, White is entitled to receive an award of wages and employment benefits in the past – "back pay" – plus wages and employment benefits in the future – "front pay" -- and other

appropriate equitable relief. 42 USC §2000e-5(g)(1). White is also entitled to recover compensatory damages in the past, which includes damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as well as compensatory damages in the future, which includes damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. White is further entitled to an award of punitive damages against SSC-PSOC, or either of them, because SSC-PSOC, or either of them engaged in such discriminatory practices with malice or with reckless indifference to White's federally-protected rights.

64.     White seeks recovery of all interest that is lawfully available to her.

65.     White is entitled to an award of attorney fees pursuant to 42 U.S.C §12205 if/when she is found to be a "prevailing party." White also requests reimbursement for expert witness fees as part of her costs. *Id.*

### COUNT TWO:
### ADA – Discrimination – Actual Disability – Discharge

66.     White re-alleges and incorporates by reference all allegations set forth in paragraphs 13 through 58.

67.     This Count Two is brought against both named Defendants.

68.     Both named Defendants violated the ADA. First, White was "disabled" within the meaning of 42 U.S.C. §12102(1)(A). Second, White was "qualified" within the meaning of 42 U.S.C. § 12111(8) for the job that she held at the time of her discharge. Third, White was subjected to an adverse employment action – namely, a discharge – which was on account of her disability. *See* 42 U.S.C. § 12112(a).

69.     White has satisfied all conditions precedent to the filing of this Count Two.

70.     Due to the violation of the ADA by SSC-PSOC, or either of them, as set forth in this Count Two, White is entitled to receive an award of wages and employment benefits in the past – "back pay" – plus wages and employment benefits in the future – "front pay" -- and other appropriate equitable relief. 42 USC §2000e-5(g)(1). White is also entitled to recover compensatory damages in the past, which includes damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as well as compensatory damages in the future, which includes damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. White is further entitled to an award of punitive damages against SSC-PSOC, or either of them, because SSC-PSOC, or either of them engaged in such discriminatory practices with malice or with reckless indifference to White's federally-protected rights.

71.     White seeks recovery of all interest that is lawfully available to her.

72.     White is entitled to an award of attorney fees pursuant to 42 U.S.C §12205 if/when she is found to be a "prevailing party." White also requests reimbursement for expert witness fees as part of her costs. *Id.*

### COUNT THREE:
### ADA – Discrimination – Perceived ("Regarded As") Disability – Discharge

73.     White re-alleges and incorporates by reference all allegations set forth in paragraphs 13 through 58.

74.     This Count Two is brought against both named Defendants.

75.     Both named Defendants violated the ADA. First, White was "disabled" within the meaning of 42 U.S.C. §12102(1)(C). Second, White was "qualified" within the meaning of 42 U.S.C. § 12111(8) for the job that she held at the time of her discharge. Third, White was subjected

to an adverse employment action – namely, a discharge – which was on account of the perception of a disability. *See* 42 U.S.C. § 12112(a).

76.     White has satisfied all conditions precedent to the filing of this Count Three.

77.     Due to the violation of the ADA by SSC-PSOC, or either of them, as set forth in this Count Three, White is entitled to receive an award of wages and employment benefits in the past – "back pay" – plus wages and employment benefits in the future – "front pay" -- and other appropriate equitable relief. 42 USC §2000e-5(g)(1). White is also entitled to recover compensatory damages in the past, which includes damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as well as compensatory damages in the future, which includes damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. White is further entitled to an award of punitive damages against SSC-PSOC, or either of them, because SSC-PSOC, or either of them engaged in such discriminatory practices with malice or with reckless indifference to White's federally-protected rights.

78.     White seeks recovery of all interest that is lawfully available to her.

79.     White is entitled to an award of attorney fees pursuant to 42 U.S.C §12205 if/when she is found to be a "prevailing party." White also requests reimbursement for expert witness fees as part of her costs. *Id.*

### Jury Demand

80.     White demands a jury on all issues so triable. *See* FED. R. CIV. P. 38.

### Request for Relief

WHEREFORE, Plaintiff Cathy Ann White asks that SavaSeniorCare Administrative and Consulting, LLC ("SSC"), and Pleasant Springs Operating Company LLC ("PSOC"), plus

whatever entity, if any, that at any time between May 28, 2018 and May 2, 2020 operated any business located at 2003 North Edwards Avenue, in Mount Pleasant, Titus County, Texas 75455, appear and answer, and that on trial of this action White have final judgment against SSC and PSOC, jointly and severally, as set forth hereinabove, and for all such other and further relief to which White is justly entitled.

Dated: March 7, 2022

                                     Respectfully submitted,

                                       */s/ Wade A. Forsman*

By: _____

                                       **Wade A. Forsman**
                                       State Bar No. 07264257
                                       P.O. Box 918
                                       Sulphur Springs, TX 75483-0918
                                       903.689.4144 Telephone-East Texas
                                       972.499.4004 Telephone–Dallas/Fort Worth
                                       903.689.7001 Facsimile
                                       **wade@forsmanlaw.com**

                                       **Attorney for Plaintiff Cathy Ann White**